IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Austin Division

| | | |
|---|---|---|
| KATHARINA HARPER, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 1:10-CV-00631 |
| | § | |
| CALDWELL COUNTY, | § | |
| *Defendant.* | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Katharina Harper respectfully comes before this Court and files this *Plaintiff's Original Complaint*. Plaintiff asserts the following against Defendant Caldwell County:

I.   DISCOVERY

1.1   Plaintiff asserts that discovery of this matter shall be conducted pursuant to the *Federal Rules of Civil Procedure*.

II.   PARTIES

2.1   Plaintiff Katharina Harper is an individual and resident of Caldwell County, Texas.

2.2   Defendant Caldwell County is a governmental entity of Caldwell County, Texas. Defendant Caldwell County may be served with process through its District Attorney, Richard R. Hicks, III, 201 East San Antonio Street, P.O. Box 869, Lockhart, Texas 78644.

III.   JURISDICTION AND VENUE

3.3   This Court has "federal question"[1] subject matter jurisdiction over Plaintiff's claims under Title VII of the *Civil Rights Act of 1964*[2] and the *Americans with Disabilities Act*.[3] This Court has supplemental jurisdiction over Plaintiff's remaining state-law claims.[4]

---

[1] 28 U.S.C. § 1331.
[2] 42 U.S.C. § 2000e, *et seq.* "Title VII."

3.4     This Court has personal jurisdiction over the parties to this lawsuit.  Both parties are individual and/or governmental residents of the State of Texas.

3.5     This is the proper venue to hear this lawsuit.  Defendant Caldwell County "resides" in this District and a substantial part of the events and omissions giving rise to this lawsuit occurred in this district.[5]

## IV.     PERTINENT FACTS

4.1     This case involves Defendant Caldwell County's discrimination, harassment, and retaliation of Plaintiff Katharina Harper, an award-winning Caldwell County law enforcement officer.

4.2     On or about July 23, 2007, Plaintiff Harper began her employment with Defendant Caldwell County as a corrections officer.  In 2007, Plaintiff Harper earned the "New Employee of the Year" honor.  Subsequently, she earned the "Corrections Officer of the Year" award.  Her employment record with the County was stellar.

4.3     During Ms. Harper's training, she informed her training supervisor that she had the learning disability Attention Deficit Hyperactivity Disorder,[6] but that it did not affect her ability to perform the functions of her position.  As referenced by the awards bestowed on Ms. Harper, the condition did not affect the performance of her job functions.  Immediately, many of Ms. Harper's co-workers began to constantly refer to her as "Hyper Harper."

4.4     As a result of her stellar employment record, Ms. Harper was promoted to Corporal.

---

[3] 42 U.S.C. § 12102, *et seq*.  "ADA."
[4] 28 U.S.C. § 1367.
[5] 28 U.S.C. § 1391(a)-(b).
[6] "ADHD."

4.5     On May 4, 2009, during the night shift, Plaintiff Harper was exposed to two County employees engaged in lewd sexual acts in a common, public area of the jail.  Plaintiff immediately reported the incident to her supervisor, Sgt. Vernon Horsely.  In response to Ms. Harper's report of the inappropriate and public sex acts performed by fellow employees, Sgt. Horsely punished Ms. Harper by sending her home early.  The incident was captured on the jail's surveillance videos.

4.6     On May 6, 2009, Plaintiff Harper was "written up" for reporting the incident to Sgt. Horsely.  On the same day, Plaintiff Harper's co-workers joked about her impending demotion as a result of disrupting the "good ole boy" status quo.

4.7     On May 7, 2009, Plaintiff Harper was demoted from Corporal to Officer.  The County's Board of Captains, Mike Lane, Jesse Hernandez, and Keith Jeffery, and Chief Deputy Brent, stated the reason for Plaintiff Harper's demotion was "insubordination."  They stated that Ms. Harper "was not supervisory material."  The demotion was openly joked about amongst Ms. Harper's co-workers.  The demotion came with a change in shift and post, with Plaintiff Harper now isolated in the back corner of the jail.  When Plaintiff Harper asked to change posts to the front, another officer told her "no one wants to see your face up here."

4.8     On the same day, Sheriff Law suspended Plaintiff Harper for three days.  Sheriff Law refused to provide an explanation other than angrily asking Plaintiff Harper "when are you going to get it?!"  Sheriff Law further stated:  "Ms. Harper, you are not in control here.  I don't have to answer to nobody [*sic*]."

4.9    On May 12, 2009, Plaintiff Harper filed a *Charge of Discrimination* and retaliation jointly with the Equal Employment Opportunity Commission [7] and the Texas Workforce Commission.[8]

4.10   From the time of Ms. Harper reporting the May 4, 2009 sexually-offensive incident until May 12, 2009, her work performance was hyper-scrutinized. The scrutinization intensified after she filed her *Charge of Discrimination* with the EEOC and TWC.

4.11   On May 13, 2009, Plaintiff Harper further relayed her complaints to County Judge H.T. Wright, County Treasurer Laura Rangel-Pompa, and Commissioner Joe Roland. Judge Wright instructed Treasurer Pompa to ensure that Sheriff Law did not destroy any evidence, specifically referring to the video and audiotape of the sexual incident of May 4, 2009.

4.12   On May 21, 2009, Plaintiff submitted a letter requesting reinstatement to her now-open Corporal position. On May 22, 2010, Captain Jeffery denied the request and refused to allow Plaintiff Harper to interview for her former position.

4.13   On July 24, 2009, the County sent Plaintiff Harper a letter via certified mail stating: "You have stated you have a disability(s) [*sic*]. This office was not aware of this and asks that you provide us with information on what your disability is, when it developed and medical documentation for your diagnosis and ongoing treatment, if any. Please respond within ten business days." As stated above, Plaintiff disclosed her ADHD at the outset of her employment. Sheriff Law and all of Plaintiffs' co-workers knew of her ADHD, constantly referring to her as "Hyper Harper."

---

[7] "EEOC."
[8] "TWC."

4.14   On August 10, 2009, within ten business days of receipt of the letter, Ms. Harper provided medical documentation of her ADHD.  She further stated that she did not need any accommodation based on the disorder.

4.15   On August 11, 2009, at the end of her shift, Plaintiff Harper was terminated.  In a memorandum from Sheriff Law dated the same day, the reason for the termination was because "it was discovered that Ms. Harper failed to disclose her medical history on her employment application dated July 14, 2007."  Significantly, pursuant to the Americans with Disabilities Act[9] as outlined below, Plaintiff Harper's employment application did not inquire about her ADHD or any similar disorder.  Defendant Caldwell County classified Plaintiff's discharge as an "F5" dishonorable discharge.

4.16   On September 3, 2009, Plaintiff Harper filed an *Amended Charge of Discrimination* with the EEOC and TWC.

V.   EXHAUSTION OF ADMINISTRATIVE PROCEDURES AND TIMELINESS

5.1   Plaintiff has complied with all administrative and statutory deadlines in bringing suit in this matter.  On May 12, 2009, Plaintiff timely[10] filed a *Charge of Discrimination* with the EEOC and TWC.[11]  Following her termination on August 11, 2010, Plaintiff timely filed an *Amended Charge of Discrimination* with the EEOC and TWC.  Plaintiff's *Amended Charge of Discrimination* alleges sexual discrimination (including sexual harassment) and retaliation in contravention of the *Texas Commission on Human Rights Act*.[12]  This lawsuit is being filed more than 180 days (but less than two years) following the filing of Plaintiff Harper's *Charge of*

---

[9] "ADA."
[10] Within 180 days from the adverse employment action.
[11] Jointly with the United States Equal Opportunity Commission.
[12] TEX. LAB. CODE § 21.001, *et seq*.  "The Act."

*Discrimination* with the EEOC and TWC.  Accordingly, Plaintiff has fulfilled all administrative and statutory prerequisites to filing this lawsuit.

## VI. CAUSES OF ACTION

A. *Count 1: Sexual Discrimination in Contravention of Title VII of the Civil Rights Act of 1964*

6.1   Title VII prohibits sex discrimination:

> It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's … sex… or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's … sex … .[13]

6.2   Plaintiff Harper received disparate treatment and suffered disparate impact from her male co-workers.  This disparate treatment and disparate impact, based on Plaintiff Harper's sex, adversely affected the manner and status of her employment with the County.

6.3   Sexual harassment is a form of prohibited sex discrimination under Title VII.[14] The public acts of sexuality performed by Plaintiff Harper's co-workers constitutes sexual harassment in violation Title VII.  As a direct and proximate result of Defendant's violations, Plaintiff is entitled to all available actual and exemplary damages and injunctive relief under Title VII.

B. *Count 2:  Retaliation in Contravention of Title VII*

6.4   The County is liable for retaliation in contravention of Title VII.  Title VII prohibits an employer from ""discriminat[ing] against any [employee] because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has

---

[13] U.S.C. § 2000e-2(a).
[14] *See, e.g., Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986).

made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."[15] Plaintiff was terminated as a direct and proximate result of reporting complaints of the sex acts she witnessed and filing her original *Charge of Discrimination* with the EEOC and TWC.  Any other proffered justification for Plaintiff's termination is pretext for the County's retaliatory purpose.  Accordingly, Plaintiff is entitled to an award of damages and injunctive relief in an amount and type to be determined at trial.

      C.     *Count 3: Violations of the Texas Whistleblower Act*

      6.5     Pleading in the alternative, the County is liable under the *Texas Whistleblower Act*.  The *Texas Whistleblower Act* states:  "a local governmental entity may not suspend or terminate the employment of…a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority."[16]

      6.6     Plaintiff Harper in good faith reported a violation of law involving the public sex acts of her co-workers.  She made the reports to her supervisor, the appropriate law enforcement agency.  As a direct and proximate result of Plaintiff Harper's reports, she was terminated.  The County's stated reason for the termination was pretext for the retaliatory purpose.  As a direct and proximate result, Plaintiff Harper has suffered damages in an amount to be proven at trial.

      D.     *Count 4:  Violations of the Americans with Disabilities Act*

      6.7     The County is further liable for discrimination under the ADA.  "[N]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge

---

[15] 42 U.S.C. § 2000e-3.
[16] TEX. GOV'T CODE § 554.002(a).

of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[17]

6.8   Plaintiff Harper's ADHD is a covered disability for the purposes of the ADA.[18] Plaintiff Harper was and is qualified for both the position of Officer and Corporal. Plaintiff Harper was able to perform the essential job functions of both the positions of Corporal and Officer in spite of her disability. As admitted by Caldwell County, it used Plaintiff Harper's ADHD as the basis for her termination. Thus, Plaintiff Harper was "regarded as having such an impairment."[19]

6.9   As a direct and proximate result of the County's discrimination based on Ms. Harper's ADHD, she has suffered damages in an amount to be proven at trial.

## VII.   DAMAGES

7.1   As a result of Defendant's statutory violations, Plaintiff has suffered damages in an amount to be determined at trial. Specifically, Plaintiff Harper is entitled to an award of damages for:

1. Past (back pay) and future lost wages;
2. Past and future mental anguish;
3. Past and future emotional pain and suffering;
4. Past and future loss of enjoyment of life;
5. Inconvenience;
6. Reinstatement;

---

[17] 42 U.S.C. § 12112(a).
[18] *See, generally, Geoghan v. Long Island R.R.*, Case No. 06-CV-1435 (CLP), 2009 WL 982451, *7-11 (E.D.N.Y. 2009) (denying summary judgment as to Plaintiff's ADHD discrimination claim and noting that the ADA's 2008 amendments provide an even more liberal standard, specifically as applied to coverage provided to Americans suffering from ADHD).
[19] 42 U.S.C. § 12102(1)(C); (3)(A).

7. Exemplary (punitive) damages; and

8. Attorney's fees and costs.

## VIII.   JURY DEMAND

8.1   Plaintiff Harper demands a trial by jury and tenders the appropriate fee.

## IX.   PRAYER FOR RELIEF

Plaintiff requests that Defendant Caldwell County be cited to appear and answer, and that on final trial, Plaintiff be awarded the following:

1. Judgment against Defendant;

2. An award of damages as outlined above;

3. An award of Pre-judgment interest as provided by law;

4. An award of Post-judgment interest as provided by law;

5. An award of exemplary damages to the extent allowed by law or equity;

6. An award of Attorney's Fees and Costs to the extent allowed by law or equity;

7. Injunctive relief; and

8. All other relief this Court deems just and equitable.

[*Signature page follows*.]

Respectfully submitted,

MEYERSON CAGLE, P.C.
Terrace II
2700 Via Fortuna Drive, Suite 145
Austin, Texas 78746
Phone:  (512) 330-9001
Facsimile:  (512) 330-9005

By: _____
JEFF M. MEYERSON
State Bar No.  00788051
CHRIS G. CAGLE
State Bar No. 24048905
MARK R. MCLEAN
State Bar No. 24062882
ATTORNEYS FOR PLAINTIFFS