**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **KATHARINA HARPER** | § | |
| | § | |
| **V.** | § | **A-10-CV-631-LY** |
| | § | |
| **CALDWELL COUNTY** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court are Plaintiff's Motion for Spoliation Sanctions (Clerk's Doc. No. 33), Defendant's Response (Clerk's Doc. No. 47), Plaintiff's Reply (Clerk's Doc. No. 51), Plaintiff's Notice of Filing, (Clerk's Doc. No. 53), Defendant's Advisory to the Court (Clerk's Doc. No. 56), Plaintiff's Objection to Defendant's Advisory to the Court (Clerk's Doc. No. 57), and Defendant's Reply to Plaintiff's Objection to Defendant's Advisory to the Court (Clerk's Docket No. 58).  The undersigned held a hearing on the matter on March 28, 2012.  On March 30, 2012, the Court issued an Order addressing only the Plaintiff's request for an adverse inference instruction, which the Court denied. *See* March 20, 2012 Order (Clerk's Doc. No. 59).   The Court now issues its full Memorandum Opinion and Order on Plaintiff's Motion for Spoliation Sanctions.

**I.   General Background**

Plaintiff Katharina Harper ("Plaintiff"), a former corrections officer with Caldwell County Jail, alleges that during the night shift on May 4, 2009, she observed "two County employees engaged in lewd sexual acts in a common, public area of the jail." Complaint at ¶ 4.5.  Plaintiff contends that after she reported the incident to her supervisor, the County retaliated against her until she was ultimately terminated on August 11, 2009.  On August 25, 2010, Plaintiff filed the above-styled lawsuit against the County under Title VII of the Civil Rights Act of 1964 and the Americans

with Disabilities Act, alleging sex discrimination, sexual harassment, disability discrimination and retaliation.  Plaintiff also asserts a state law claim under the Texas Whistleblower's Act.

The County denies that Plaintiff was disciplined for reporting misconduct, and instead argues that "Plaintiff was insubordinate and acted in an unprofessional manner in the way she dealt with the matter, becoming highly emotional, angry, and disruptive, insisting that she be able to dictate the measure and extent of discipline administered." Defendant's Response at 2.  The County contends that Plaintiff was ultimately terminated for insubordination and for failing to disclose her medical history on her job application.

On October 22, 2010, Plaintiff served the County with Requests for Production seeking "all surveillance videos from Caldwell County Jail's 'control room' during the shift between May 3, 2009 and May 4, 2009." *See* Request for Production No. 1, Exh. D to Plaintiff's Motion.  The County did not produce the requested tapes, contending that it does not have a copy of the surveillance tape.  Approximately six months after filing her Requests for Production, Plaintiff filed the instant Motion for Spoliation Sanctions contending that the County failed to preserve the video tape in bad faith.  Plaintiff requests sanctions in the forum of "an adverse inference jury instruction regarding the contents of the surveillance tape as a consequence for the County's bad faith spoliation of evidence" and attorneys' fees in the amount of $9,250 and $2,180.40 in costs.

## II. Analysis

Spoliation has been defined as the "destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)); Black's Law Dictionary 1531 (9th

2

ed. 2009). A duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation. *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F.Supp. 2d 598, 612 (S.D. Tex. 2010) (quoting *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008)); *Toth v. Calcasieu Parish*, 2009 WL 528245 at *1 (W.D. La. Mar. 6, 2009) (citing *Zubulake v. UBS Warburg*, *L.L.C*., 220 F.R.D. 212, 216 (S.D.N.Y. 2003)). Once litigation is reasonably anticipated, a potential party to that litigation "'must not destroy unique, relevant evidence that might be useful to an adversary.'" *Toth*, 2009 WL 528245 at *1 (quoting *Zubulake*, 220 F.R.D. at 216).

Federal courts have discretion to sanction a party for destroying or failing to preserve evidence under both Federal Rule of Civil Procedure 37(c)(1) and under the Court's inherent power to sanction a party who has abused the judicial process. *Chambers v. NASCO*, 501 U.S. 32, 44 (1991); *Rimkus*, 688 F.Supp. 2d at 611. "The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge and is assessed on a case-by-case basis." *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F.Supp. 2d 456, 469 (S.D.N.Y. 2010) (citations omitted). Courts have found that appropriate sanctions should "(1) deter the parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position [it] would have been in absent the wrongful destruction of evidence by the opposing party." *Id.* (internal citations and quotations omitted). Moreover, "[i]t is well accepted that a court should always impose the least harsh sanction that can provide an adequate remedy." *Id.* Possible sanctions include ordering additional discovery, cost-shifting fines, special jury instructions, preclusion, and the entry of default judgment or dismissal. *Id.*

3

The Court rejected the Plaintiff's request for an adverse inference instruction in its order of March 30, 2012. *See* Clerk's Doc. No. 59. As explained there, because "the Court cannot conclude that the decision [not to retain a copy of the videotape] was made in bad faith, or with any bad intention to destroy evidence relevant to Harper's claim . . . it is clear that an adverse inference instruction would not be one of the sanctions the Court may consider. *Id.* at 8 (citing *Rimkus*, 688 F.Supp.2d at 614). Having said this, the Court may still apply a less severe sanction against the County. *See Pressey v. Patterson*, 898 F.2d 1018, 1020 (5th Cir. 1990); *Pipes v. United Parcel Service, Inc.*, 2009 WL 2214990 at * 2 (W.D. La. July 22, 2009). For example, Rule 37 provides that a court may sanction a party by ordering payment of reasonable attorneys' fees and expenses caused by the discovery error, or the court may impose any "other appropriate sanctions." FED. R. CIV. P. 37(c)(1)(A)-(C).

In support of its request for a sanction other than an adverse inference instruction, the Plaintiff argued at the hearing that the County was clearly negligent in failing to maintain a copy of the tape since several of the County's own regulations required that it maintain a copy of the tape. *See* Hearing Exhibits 1, 2 and 3.[1] The best argument the Plaintiff has on this point is that Section 14.03 of the County's Personnel Policies required the County to maintain a copy of the tape in the Plaintiff's file in the instant case.[2] But it is by no means clear that this is correct, since the County did not view the tape as being *relevant* to Plaintiff's grievance (as discussed in the prior order on this

---

[1]Respectively, Section 14.03 of the County's Personnel Policies, General Order # 17-03 regarding Personnel Complaints. and Caldwell County Fraud Prevention and Detection Policy.

[2]Section 14.03 requires that "[c]opies of all documentation relating to the grievance will be forwarded to the personnel officer's office immediately upon conclusion of each step in the grievance process and will be placed in the employee's personnel file." Hearing Exhibit 1.

motion), and if it did not relate to the grievance, the policy did not require the County to maintain a copy.  Moreover, the other two regulations that Plaintiff points to do not support her argument. For example, the "Caldwell County Fraud Prevention and Detection" policy deals with just that—*fraud prevention and detection*—which is not at issue in this case.  And nothing in General Order 17.03 would have required the County to maintain a copy of the tape in the instant case, as it refers to general rules regarding the documenting of complaints by the public, and the only mention of visual evidence relates to photographs of injuries.

Based upon the foregoing, and especially in light of Plaintiff's lengthy delay in filing this motion, the Court does not find that monetary sanctions are appropriate in this case and **HEREBY DENIES** Plaintiff's Motion for Spoliation Sanctions (Clerk's Doc. No. 33) in its entirety.

SIGNED this 16th day of May, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE